# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ACT EDUCATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HILDEBRANDT, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER RE: DISCOVERY MOTIONS [26][29][32] <br><br> Case No. 2:24-cv-00703-JNP-CMR <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Cecilia M. Romero |

Before the court is a Motion to Compel Initial Disclosures (Motion to Compel) (ECF 26) filed by Defendant Hildebrandt (Defendant). Also before the court is a Short Form Discovery Motion and Request for Status Conference (Discovery Motion) (ECF 29) and a Motion for Amended Scheduling Order (Scheduling Motion) (ECF 32) filed by Plaintiff ACT Education Corp. (Plaintiff). Having carefully considered the relevant filings and case law, the court finds that oral argument is not necessary and decides this matter on the written memoranda. See DUCivR 7-1(g). For the reasons set forth below, the court enters the following Memorandum Decision and Order.

## I.     DISCUSSION

### A.     Defendant's Motion to Compel Initial Disclosures (ECF 26)

Defendant asserts that Plaintiff's initial disclosures are inadequate under Rule 26(a)(1) of the Federal Rules of Civil Procedure and requests the court to compel Plaintiff to amend its initial disclosures to comply with the Federal Rule of Civil Procedure 26(a)(1) (ECF 26). Plaintiff opposes the Motion to Compel and gives two independent reasons for which the Motion to Compel should be denied: (1) the Motion to Compel is procedurally flawed due to Defendant's failure to

comply with the meet and confer requirements of DUCivR 37-1; and (2) Defendant incorrectly contends that Plaintiff's initial disclosures are inadequate under Rule 26(a)(1) (ECF 27).

1. <u>The Motion to Compel Initial Disclosures is procedurally flawed.</u>

DUCivR 37-1(a) requires that the parties in a case "make reasonable effort to resolve a discovery dispute. . . before seeking court assistance. At a minimum, those efforts must include a prompt written communication sent to the opposing party." If the discovery dispute persists despite reasonable efforts, a Short Form Discovery Motion may be filed to resolve it. *Id*. 37-1(b). The motion must be less than 500 words and must include a certification stating that the parties made reasonable efforts to reach an agreement, including, among other requirements, the date, time, and method of the reasonable efforts. *Id*. Here, Defendant has provided no certification that the meet and confer requirement of DUCivR 37-1 was met before filing the Motion to Compel. Furthermore, the Motion to Compel exceeds the 500-word requirement.

Defendant correctly indicates that, because he is pro se, his motions are to be held at a "less stringent standard than formal pleadings drafted by lawyers" (ECF 26 at 4). However, Defendant misunderstands the scope of this leniency. This "less stringent standard" for pro se parties primarily applies to allowances regarding "failure to cite proper legal authority, [] confusion of various legal theories, [] poor syntax and sentence construction, or [] unfamiliarity with pleading requirements" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). But pro se status does not grant a pro se party the ability to avoid court procedures entirely. The Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, while Defendant's pro se status may require the court to review his pleadings at a less stringent standard,

Defendant's pleadings must comply with the court's procedural requirements. While the court will nonetheless consider the merits of Defendant's Motion to Compel, the court reminds Defendant of his obligation to abide by the rules of this court.

### 2. Plaintiff's Initial Disclosures comply with Rule 26(a)(1).

Defendant asserts that Plaintiff's initial disclosures are inadequate for three reasons.

First, Defendant argues that the disclosures "focus on Defendant's actions without providing any of [Plaintiff's] internal evidence, such as the April 2024 acquisition process, financial motives, or market impact" (ECF 26 at 2). Defendant misunderstands the scope and purpose of Rule 26(a)(1). Rule 26(a)(1) requires that parties identify witnesses and documents "that the disclosing party may use to support its claims or defenses." "Use" has been defined to include "any use at a pretrial conference, to support a motion, or at trial," as well as material intended to be used in discovery, to question a witness, or any document a party intends to use if "the need arises." Fed. R. Civ. P. 26 advisory committee notes, 2000 amend.

By submitting its initial disclosures, Plaintiff has disclosed all the material it may use or intends to use at this time. While Defendant may be unhappy with Plaintiff's initial disclosures, Defendant cannot compel Plaintiff to disclose material it does not intend to use. If there are materials in Plaintiff's possession which Defendant wishes to use to support his case, he must serve discovery requests to seek that material. That said, as more information becomes available through discovery, each party is expected to supplement their initial disclosures when required under Rule 26(e).

Second, Defendant argues that the disclosures "fail to address Defendant's defenses in his Answer" (ECF 26 at 2). Defendant again misunderstands the scope of initial disclosures. Because initial disclosures are limited to material the disclosing party may use, disclosures are not "tied to

particularized allegations in the pleadings." Fed. R. Civ. P. 26 advisory committee notes, 2000 amend. Initial disclosures are not intended to be a comprehensive discovery tool as they only require parties to provide, "without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." Fed. R. Civ. P. 26 advisory committee notes, 1993 amend. Thus, Plaintiff's initial disclosures are not required to address Defendant's defenses.

Third, Defendant argues that the disclosures fail to offer any "harm evidence" to support Plaintiff's claim for statutory damages (ECF 26 at 3). Under Rule 26(a)(1), parties are required to disclose "a computation of each category of damages claimed by the disclosing party." In its initial disclosures, Plaintiff states that it is not seeking actual damages, but rather, statutory damages as permitted by 17 U.S.C. § 504 (ECF 26-1 at 4). The 1993 advisory committee notes to Rule 26 explain, "a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person." Fed. R. Civ. P. 26 advisory committee notes, 1993 amend. Although this is a copyright infringement action and not a patent infringement action, the court finds it prudent not to require Plaintiff to provide information on its statutory damage calculations at this early stage of litigation. However, Plaintiff must supplement its damage calculations as required by Rule 26(e) as more information becomes available through discovery.

For the foregoing reasons, the court **DENIES** Defendant's Motion to Compel (ECF 26).

**B.    Plaintiff's Motion for Short Form Discovery and Status Conference (ECF 29)**

Plaintiff's Discovery Motion (ECF 29) requests that the court compel Defendant to respond to Plaintiff's discovery requests, specifically, Plaintiff's Requests for Interrogatories, Requests for Production, and Plaintiff's request for deposition dates (ECF 29 at 1). Plaintiff also seeks a court

order deeming Defendant's unanswered Requests for Admission to be admitted pursuant to Rule 36(a)(3) and that Defendant's objections be deemed waived pursuant to Rule 33(b)(4) (*id.*). Lastly, Plaintiff requests that the court grant a short extension of case deadlines and a brief hearing and status conference, considering the current motions before the court (*id.*). Plaintiff's request for discovery extensions and status conference is resolved by the court's ruling on Plaintiff's Scheduling Motion (ECF 32) below. The court now addresses Plaintiff's Discovery Motion to compel Defendant and admit the unanswered Requests for Admission.

Plaintiff's Discovery Motion indicates that Defendant has failed to engage in the discovery process (ECF 29 at 2). Plaintiff served its First Set of Written Discovery requests on March 5, 2025; Defendant had until April 4, 2025, to respond (ECF 29-2). After not receiving Defendant's responses, Plaintiff emailed Defendant, requesting a telephone conference on April 7, 2025 (ECF 29 at 2). Defendant indicated that he could not speak on the phone and provided no responses regarding Plaintiff's outstanding discovery requests (*id.*). Furthermore, on March 12, 2025, Plaintiff asked if Defendant was available for a deposition on either April 23 or April 24, 2025; Defendant provided no response (*id.*). Plaintiff then attempted two more times to secure deposition dates, also with no success (*id.*). Despite multiple good faith attempts by Plaintiff to engage in discovery, Defendant has refused to respond to Plaintiff's discovery requests and has refused to provide available deposition dates.

Defendant in his Opposition (ECF 30) does not deny that he has refused to engage in discovery; instead, Defendant argues that his non-compliance is justified. Defendant's four arguments for non-compliance are based on his assertion that his pending Motion to Dismiss (ECF 28) renders Plaintiff's discovery irrelevant, as eKnowlege, a named Defendant, no longer exists (ECF 30 at 4). Accordingly, Defendant seeks a stay of all discovery pending resolution of his

Motion to Dismiss (ECF 30 at 5). Defendant's refusal to engage in discovery is not justified and is problematic for many reasons.

First and foremost, until the court has ordered a stay of discovery, Defendant cannot choose to stay discovery on his own. "Tenth Circuit precedent is clear that the authority to stay discovery lies within the court's discretion to manage discovery and its docket." *In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, No. 2:24-MD-03102-RJS-DAO, 2024 WL 4349160, at *2 (D. Utah Sep. 30, 2024) (citing *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1386 (10th Cir. 1994) ("As a general rule, discovery rulings are within the broad discretion of the trial court.")).

Second, Defendant's Opposition, despite its name, is substantively an improper motion for stay of discovery. Instead of objecting to the specific discovery requests, Defendant asserts that he has not responded to the requests because discovery should be stayed (ECF 30 at 2).[1] This is not a valid objection. If Defendant believes discovery should be stayed pending a decision on his Motion to Dismiss, he must file a separate motion under DUCivR 7-1(a)(4)(D) to request a stay of discovery. Until a ruling granting the stay is issued, all parties are required to continue participating in the discovery process. Defendant cannot request a stay in his Opposition (*see* DUCivR 7-1(a)(3)). By arguing for a stay of discovery within an opposition, Defendant denies Plaintiff the right to respond and offer its own arguments for why a stay is unwarranted. Because Defendant has not followed the appropriate procedure, the court will not address Defendant's arguments regarding the need for a discovery stay.

The court now addresses Plaintiff's request for an order that Defendant's unanswered Requests for Admission be deemed admitted pursuant to Rule 36(a)(3) and that Defendant's

---

[1] The court notes Defendant also briefly argues that Plaintiff's Discovery Motion and deposition notice "reflect bad faith and bullying tactics" (ECF 30 at 3-4). However, the court finds that Plaintiff's service of routine discovery requests and a deposition notice does not reflect any bad faith or any bullying tactics.

objections be deemed waived pursuant to Rule 33(b)(4) (ECF 29 at 3). Defendant asserts that he did not have to respond because Plaintiff's discovery requests are "premature and unduly burdensome when the Court's ruling on mootness could dismiss the case entirely" (ECF 30 at 1).

Rule 36(a) provides that "[a] party may serve on any party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1)." If the receiving party fails to respond to the request within 30 days of service, the matter is admitted. *Id*. Rule 36(a)(3) "makes clear that unless a response is received within thirty days of a request for admission, each item contained therein will be deemed admitted." *Bernard v. Group Pub., Inc.*, 970 F. Supp. 2d 1206, 1220 (D. Colo. 2013) (citing *Bergemann v. United States,* 820 F.2d 1117, 1120 (10th Cir. 1987) ("Unanswered requests for admission are deemed admitted.")). "'The rule is quite explicit that matters shall be deemed admitted unless, within the specified time limits, a written answer is filed or objections made.'" *Id*. (quoting 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2259, at 551 (2d ed. 1994)). Once a matter is admitted, it "'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting Fed. R. Civ. P. 36(b)). "The court may permit such withdrawal or amendment 'when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Id.*

Defendant offers no valid argument or evidence for why he failed to respond to the requests for admission or the other written discovery, or any argument addressing the above standard. As such, Defendant is deemed to have admitted Requests for Admission Nos. 1 through 12 as set forth in Plaintiff's Requests for Admission to Defendant (ECF 29-2 at 8–9). As outlined in *Bernard*,

Defendant may file a motion requesting that the court withdraw or amend the admissions, specifically addressing the relevant legal standard.

For these reasons, the court **GRANTS** Plaintiff's Motion for Short Form Discovery and Status Conference (ECF 29).

### C. Plaintiff's Motion for Amended Scheduling Order (ECF 32)

Plaintiff requests leave to amend the Scheduling Order to extend the fact discovery deadline 60 days after the Court rules on Plaintiff's Motion for Leave to Amend its Complaint (Motion to Amend) (ECF 31), with corresponding extensions of all subsequent deadlines. (ECF 32 at 1). Plaintiff asserts that there is good cause for the extension because, despite its diligent efforts to comply with the deadline, Defendant refused to participate in discovery (ECF 32 at 4-6). Defendant did not file an opposition.

The court, having considered Plaintiff's Motion for Amended Scheduling Order (ECF 32), finds that Plaintiff worked diligently to meet the deadlines. The court also finds that Plaintiff's Motion to Amend (ECF 31) may impact the parties' claims, defenses, and scope of discovery. Additionally, the court finds that Defendant's Motion to Dismiss (ECF 28) may also affect claims, defenses, and discovery. As such, efficiency is served by extending deadlines until 60 days after the court rules on Plaintiff's Motion to Amend (ECF 31) and Defendant's Motion to Dismiss (ECF 28).

For these reasons, the court **GRANTS** Plaintiff's Motion for Amended Scheduling Order (ECF 32).

## II. CONCLUSION

In summary, IT IS HEREBY ORDERED that:

(1) Defendant's Motion to Compel Initial Disclosures (ECF 26) is DENIED.

(2) Plaintiff's Motion for Short Form Discovery and Status Conference (ECF 29) is GRANTED, and the court ORDERS that:

    a. Defendant respond to Plaintiff's Interrogatories and Requests for Productions within fourteen (14) days of the date of this Order;

    b. Defendant provide Plaintiff with at least 3 availability dates for his deposition within fourteen (14) days of the date of this Order; and

    c. Defendant is deemed to have admitted Requests for Admission Nos. 1 through 12 as set forth in Plaintiff's Requests for Admission to Defendant (ECF 29-2 at 8–9). Defendant may file a motion requesting that the court withdraw or amend the admissions.

    d. Failure to abide by this court's order may result in the court deeming the request admitted or imposing other sanctions.

(3) Plaintiff's Motion for Amended Scheduling Order (ECF 32) is GRANTED, and the fact discovery deadline is extended to sixty (60) days after the court issues its ruling on Plaintiff's Motion to Amend (ECF 31) and Defendant's Motion to Dismiss (ECF 28). Plaintiff is ordered to submit an updated Amended Scheduling Order consistent with this ruling by November 3, 2025.

IT IS SO ORDERED.

DATED this 27 October 2025.

                                                  Magistrate Judge Cecilia M. Romero
                                                  United States District Court for the District of Utah