IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ACT EDUCATION CORP. F/K/A ACT, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SCOTT HILDEBRANDT, an Individual, d/b/a EKNOWLEDGE a/k/a EKNOWLEDGE, LLC, a/k/a EKNOWLEDGE GROUP, INC.,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND COMPLAINT**<br><br>Case No. 2:24-cv-00703-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

Plaintiff ACT Education Corp. sued Defendant Scott Hildebrandt for willful copyright infringement and unfair competition under the Lanham Act. Mr. Hildebrandt moves to dismiss the complaint based on a lack of subject matter jurisdiction arising due to mootness. ECF No. 28. ACT moves for leave to amend its complaint. ECF No. 31. The court **DENIES** Mr. Hildebrandt's motion to dismiss, and **GRANTS** ACT leave to file an amended complaint. In considering the present motions, the court further **GRANTS** Mr. Hildebrandt's motion for leave to file a supplemental opposition, which has already been filed. ECF No. 40.

## BACKGROUND

On September 24, 2024, Plaintiff ACT Education Corp. filed a complaint against Defendant Scott Hildebrandt, an individual doing business as eKnowledge. ECF No. 1. The complaint alleges Mr. Hildebrandt engaged in willful copyright infringement and unfair competition under the Lanham Act by wrongfully reproducing, distributing, and using ACT's

copyrighted tests and answers for his own benefit. *Id.* ¶¶ 1–3. Specifically, it alleges that Mr. Hildebrandt's website, eKnowledge, offers a "PowerPrep" program, which claims to use real ACT exams and questions and promotes a variety of tools and offerings with the ACT mark, all without permission from ACT. *Id.* ¶¶ 48–69.

After learning of the alleged infringement, ACT sent Mr. Hildebrandt a cease-and-desist letter on July 18, 2022. *Id.* ¶ 70. ACT has since sent several follow up letters to Mr. Hildebrandt and has communicated with him about the issue. *Id.* ¶ 71. ACT alleges Mr. Hildebrandt has acknowledged eKnowledge's use of ACT material in these communications. *Id.* ¶ 72.[1] ACT sent a final cease-and-desist letter on March 5, 2024, but ACT alleges Mr. Hildebrandt and his website continue to promote its use of real ACT tests and questions. *Id.* ¶¶ 73–75.

On April 1, 2025, Mr. Hildebrandt, proceeding pro se, moved for the case to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 28. Specifically, he argues that the case is moot because eKnowledge "ceased operations as a test preparation entity on March 31, 2025, and all of its assets have been irrevocably transferred, rendering Plaintiff's claims moot and depriving [the] Court of subject matter jurisdiction." *Id.* at 1. Mr. Hildebrandt asserts that he has provided notice to ACT of eKnowledge's "long-term strategic goal" of transitioning to a nonprofit, The National College Test Prep Foundation ("NCTPF"), for over two years. *Id.* at 1–2. ACT opposes the motion to dismiss and also moves for leave to amend its complaint to add NCTPF as a defendant, to add claims of contributory

---

[1] Several requests for admission have been deemed admitted due to Mr. Hildebrandt's lack of response during the discovery process. These include the admissions that he is the sole owner of eKnowledge, that he has copied and used ACT materials, and that eKnowledge uses questions and answers from ACT tests without permission. ECF No. 29-2 at 8–9; ECF No. 44 at 7.

infringement and voidable transfer, and to dismiss its claim for unfair competition. ECF Nos. 31, 33. Mr. Hildebrandt has since filed for leave to submit a supplemental opposition to ACT's motion to amend its pleadings and has filed that said opposition. ECF Nos. 39, 40.

## LEGAL STANDARD

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the court lacks subject matter jurisdiction. "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Rule 12(b)(1) challenges come in two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)).

Here, Mr. Hildebrandt launches a factual attack by "adduc[ing] evidence to contest jurisdiction," attaching declarations and exhibits in support of his mootness challenge. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020); *see* ECF Nos. 28-1, 28-2, 28-3. "When a defendant brings a factual attack, a district court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.' The court's exercise of such discretion does not convert a Rule 12(b)(1) motion into a summary judgment motion unless 'resolution of the jurisdictional question is intertwined with the merits.'" *Baker*, 979 F.3d at 872 (internal citations removed).

## ANALYSIS

### I.     MOTION TO DISMISS FOR MOOTNESS

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (quoting *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005)). "Mootness is implicated when a case or controversy, originally present, ceases to exist." *Smallwood v. Scibana*, 227 F. App'x 747, 748 (10th Cir. 2007).

"The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1114, 1223 (10th Cir. 2001)). Described differently, "a case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." *Ghailani v. Sessions*, 859 F.3d 1295, 1301 (10th Cir. 2017) (quoting *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015)) (citation modified).

Here, Mr. Hildebrandt argues that there is no justiciable case or controversy, "as eKnowledge no longer exists as an operational entity capable of infringing Plaintiff's rights." ECF No. 28 at 2. To support his argument, he asserts eKnowledge "ceased operations as a test preparation entity on March 31, 2025, and all of its assets have been irrevocably transferred" to two entities, with NCTPF receiving all "SAT/ACT Learning Content" and MerlinTech receiving "all other non-SAT/ACT assets." *Id.* at 1–3. Accordingly, he argues that ACT's claims of "ongoing copyright infringement and unfair competition are rendered academic" and that the court "cannot adjudicate a controversy against a defunct entity." *Id.* at 5.

For many reasons, this argument fails, and the case is not moot. The most immediate

4

obstacle to Mr. Hildebrandt's mootness claim is that ACT's alleged injury of copyright infringement *can* be redressed by a favorable decision by this court. ACT's complaint speaks to both prior and current copyright infringement, and the law is clear that "a copyright owner possessing a timely claim for infringement is entitled to damages, no matter when the infringement occurred." *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 372 (2024). ACT may be able to recover damages for prior acts of infringement,[2] even if eKnowledge is said to no longer be capable of infringing.

This alone is enough to deny Mr. Hildebrandt's motion to dismiss for mootness. However, the court considers Mr. Hildebrandt's broader argument for the sake of clarity. Mr. Hildebrandt relies on the logic that because eKnowledge supposedly no longer exists, the alleged infringement has ceased, there is no reasonable expectation it will recur, and thus he cannot be held liable. There are numerous faults with this argument.

First, it is not clear that eKnowledge no longer exists. The affidavit Mr. Hildebrandt attached to his motion states that "it will take several months to complete all aspects of the donation and transfers" from eKnowledge to the new entities. ECF No. 28-1 ¶ 5. He states the "legal effective date" of the transfers is March 31, but that is neither clear nor proven to the court at this point. *Id.* Second, it does not appear that the alleged infringement has even ceased to occur. As of

---

[2] Mr. Hildebrandt argues any past damages are de minimis and retrospective. ECF No. 28 at 6. Given the existence of potential statutory damages, the court cannot say that any past damages are indeed de minimis. 17 U.S.C. § 504(c). Mr. Hildebrandt also cites to *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974), to support the assertion that past exposure to illegal conduct does not provide a present case or controversy for injunctive relief. But this holding is inapposite to the case at hand, which deals with copyright infringement that, as noted, can be remedied by damages. Further, he cites to *United States v. Alaska Steamship Co.*, 253 U.S. 113, 116 (1920), for the proposition that historical damages alone cannot sustain jurisdiction absent a continuing violation. But in that case, intervening legislation rendered the case moot, which is not the case here. *Id.*

April 21, 2025, *after* Hildebrandt filed his motion to dismiss for mootness, ACT asserted that the eKnowledge website remained active and continued to market the infringing materials. ECF 31-1 ¶ 89.

Third, even assuming the infringing conduct did stop, Mr. Hildebrandt fails to meet his burden in showing the conduct is not likely to recur. "One exception to a claim of mootness is a defendant's voluntary cessation of an alleged illegal practice which the defendant is free to resume at any time." *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008). Underlying this exception is the belief that "'a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior.' In other words, this exception exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct." *Id.* (quoting *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)).

Thus, "[v]oluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." *Rio Grande Silvery Minnow*, 601 F.3d at 1115–1116 (quoting *Nat'l Adver. Co. v. City of Miami,* 402 F.3d 1329, 1333 (11th Cir. 2005) (per curiam)). Mr. Hildebrandt bears a "heavy burden" in proving the conduct cannot reasonably be expected to start up again. *Id.* at 1116 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

Here, Mr. Hildebrandt alleges that there is no reasonable expectation the conduct will recur, as the new nonprofit is fully independent and there is thus "no mechanism . . . for Defendant to reclaim or misuse the transferred assets." ECF No. 28 at 6. This, however, is insufficient to meet his burden in proving the conduct is unlikely to recur. NCTPF appears to be controlled by Mr. Hildebrandt and his family, with substantially the same assets as eKnowledge and with

substantially the same goal and business as eKnowledge. *See* ECF No. 33 at 4. Mr. Hildebrandt has not even argued that NCTPF will refrain from using its new assets in an infringing way, only that it has not "decided whether or in what manner to use the donated materials." ECF No. 35 at 2. In fact, while the court does not find specifically so, the series of events and the arguments put forth by Mr. Hildebrandt suggest a level of "gamesmanship" on his part in attempting to avoid liability and this court's jurisdiction. *Calvary Albuquerque Inc. v. Rubio*, No. 24-2066, 2025 WL 2640040, at *2 (10th Cir. Sept. 15, 2025). For this reason and all the ones stated above, the case is not moot.[3]

Finally, the court also seeks to provide some clarity on a procedural matter. Mr. Hildebrandt devotes a significant portion of his reply brief to argue that ACT's response to the motion to dismiss was late. *See* ECF No. 35. He relies on a prior version of the relevant local rule, DUCivR 7-1(b)(3)(A), to support his argument. However, whether under the prior rule or the current version, DUCivR 7-1(a)(4)(A)(iii), ACT had 28 days to file its response, not 21 as Mr. Hildebrandt asserts. The motion to dismiss was filed April 1, and ACT responded on April 29, within the applicable time period. ECF Nos. 28, 33.

## II.     LEAVE TO AMEND COMPLAINT

ACT seeks leave to amend its complaint to add the new non-profit entity, NCPTF, as a defendant, to add claims of contributory infringement and voidable transfer, and to dismiss its claim for unfair competition. ECF No. 31. However, pursuant to the scheduling order, the deadline

---

[3] In his reply, Mr. Hildebrandt asserts that the "core issue" the court should focus on is ACT's private equity-backed status. ECF No. 35 at 2–3. But Mr. Hildebrandt has strayed from the core of his own motion, which properly asks the court to determine whether the suit is moot, not whether it is against public policy.

for amended pleadings was February 28, 2025. ECF No. 25.

"Parties seeking leave to amend pleadings after the expiration of a scheduling order deadline 'must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard.'" *United Sec. Fin. Corp. v. First Mariner Bank*, 2:14-cv-00066-JNP-EJF, 2016 WL 6745792, at \*1 (D. Utah Nov. 15, 2016) (quoting *Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The Tenth Circuit interprets Rule 16 to require a showing that the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *First Mariner Bank*, 2:14-cv-00066-JNP-EJF, 2016 WL 6745792, at \*1 (quoting *Gorsuch*, 771 F.3d at 1240). Learning new information through discovery can satisfy the good cause requirement, for example. *Gorsuch*, 771 F.3d at 1240.

Here, the court finds good cause.[4] With respect to adding a new defendant, ACT would not have been able to learn of the need to do so until after the amended pleading deadline passed, despite its diligent efforts. On September 24, 2024, ACT filed its initial complaint. ECF No. 1. Both prior to and after ACT filed its complaint, Mr. Hildebrandt had suggested to ACT that he was considering converting eKnowledge into a non-profit entity. *See* ECF No. 31 at 3; ECF No. 34 at 1. For example, in Mr. Hildebrandt's answer, filed December 2, 2024, he states "we are actively in the process of converting to an official 501(c)(3) by the end of Q1 2025." ECF No. 12 ¶ 2. However, there does not appear to be more specific information about Mr. Hildebrandt's plan at

---

[4] The magistrate judge also found that "Plaintiff worked diligently to meet the deadlines." ECF No. 44 at 8.

this point, based on the record. Thus, with only the limited information that eKnowledge was allegedly in the process of some conversion, the amended pleading deadline passed.

On March 5, 2025, ACT served a set of written discovery requests to Mr. Hildebrandt seeking to learn more about the corporate structure of eKnowledge. ECF No. 31-3. Hildebrandt did not respond. ECF No. 31 at 3. On March 7, Mr. Hildebrandt filed a (since-denied) motion to compel initial disclosures in which he detailed the existence of the new NCTPF entity. ECF No. 26 at 2; *see* ECF No. 44. On March 19, ACT served an additional discovery request seeking information on the potential transfer of any assets. ECF No. 31-4. Mr. Hildebrandt again did not respond. ECF No. 31 at 3. On April 1, 2025, Mr. Hildebrandt filed his motion to dismiss, asserting that all assets had been transferred as of March 31, 2025. ECF No. 28. Thus, only in March did ACT receive notice that it might need to add the specific NCTPF entity as a defendant, and only in April did ACT receive confirmation of that fact. Further, only through receiving these March and April filings was ACT able to determine it needed to add the two additional claims, for contributory infringement and voidable transfer. Good cause thus exists for amending the scheduling order.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleadings once as a matter of course[.]" *See* Fed. R. Civ. P. 15(a)(1). After a responsive pleading has been served, however, a party "may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a), the court should "freely give leave when justice so requires." *Id.*

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229

(10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Given the finding of good cause with respect to amending the scheduling order, the court finds that justice requires giving leave to ACT to amend its pleadings. The court finds that none of the factors that counsel refusal are applicable here. First, ACT filed its motion for leave to amend within two months of learning the new information and within three weeks of it being confirmed. Second, there will be no undue prejudice to Mr. Hildebrandt, as the court has separately granted a motion to amend the scheduling order to provide extensions on all relevant deadlines and no trial date has been set. *See* ECF No. 44 at 8. Third, there is no evidence on the record to support a bad faith or dilatory motive. *See also* ECF No. 44 at 6 n.1. Finally, there have been no previous amendments, and the amendments do not appear futile. In its current form, the complaint states a plausible claim for copyright infringement against Mr. Hildebrandt and eKnowledge. The proposed amended complaint, taking its allegations as true, appears to add plausible claims for voidable transfer and contributory infringement. *See, e.g.*, *Martin v. SGT, Inc.*, No. 2:19-CV-00289, 2020 WL 1930109, at *12 (D. Utah Apr. 21, 2020) (for contributory infringement); Utah Code Ann. § 25-6-202 (for voidable transfer). With respect to their futility, Mr. Hildebrandt only raises potential affirmative defenses that are better considered at a later stage. *See Mullenix v. LaPlante*, 568 F. Supp. 3d 1147, 1155 (D. Colo. 2021) ("Dismissal of a cause of action based on an affirmative defense is proper at the motion to dismiss phase only when it is clear from the face of the operative pleading."). Further, the joinder of NCTPF appears permissible based on the pleadings. *See* Fed. R. Civ. P. 20. The claims for relief with respect to NCTPF are clearly based on the same transactions and occurrences as those of eKnowledge and Mr. Hildebrandt. *See Jenkins v. Duffy Crane & Hauling, Inc.*, No. 13-CV-00327-CMA-KLM, 2015 WL 6464437, at *3, *5 (D. Colo. Oct. 27, 2015).

## CONCLUSION AND ORDER

The court accordingly **DENIES** Mr. Hildebrandt's motion to dismiss for mootness. ECF No. 28. The court **GRANTS** ACT's motion for leave to file an amended complaint. ECF No. 31. In considering these motions, the court **GRANTS** Mr. Hildebrandt's motion for leave to file a supplemental opposition, which has already been filed. ECF No. 40.

Signed March 25, 2026.

BY THE COURT

Jill N. Parrish
United States Chief District Judge