# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ACT EDUCATION CORP. F/K/A ACT, INC., a Delaware Corporation<br><br>　　　Plaintiff,<br><br>vs.<br><br>SCOTT HILDEBRANDT, an Individual, d/b/a EKNOWLEDGE a/k/a EKNOWLEDGE, LLC, a/k/a EKNOWLEDGE GROUP, INC.; and THE NATIONAL COLLEGE TEST PREP FOUNDATION, a Utah Nonprofit Corporation.<br>　　　　　　　　Defendant. | **SECOND AMENDED SCHEDULING ORDER**<br><br><br>Case No. 2:24-cv-00703-JNP-CMR<br><br>Judge Jill N. Parish<br>Magistrate Judge Cecilia M. Romero |

Pursuant to the Court's Amended Scheduling Order (ECF 46), the Court hereby enters the following schedule governing the litigation in this case following the rulings on the Motion for Leave to Amend (ECF 31) and the Motion to Dismiss (ECF 28). The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-5.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

## 1. PRELIMINARY MATTERS

| | | | |
|---|---|---|---|
| a. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | *12/27/2024* |
| b. | | Participants: *(include the name of the party and attorney, if applicable)*<br><br>For Plaintiff:<br>Jason Hull, Marshall Olson & Hull | |

|  |  | Emily L. Wasserman, Davis Graham & Stubbs LLP<br>Maxwell E Hamilton, Davis Graham & Stubbs LLP<br><br>For Defendant:<br>Scott Hildebrandt, Defendant |  |  |
|---|---|---|---|---|
| c. |  | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | *1/21/2025* | |
| d. |  | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

## 1. PROTECTIVE ORDER

|  |  |  |  |  |
|---|---|---|---|---|
| a. |  | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. |  | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)*<br><br>Good cause exists for a Standard Protective Order because discovery in this case may require the disclosure of confidential information regarding the nature of Defendant's business, testing information, and limited financials related to Defendant's infringing products. Certain of ACT's materials may also be marked CONFIDENTIAL. A SPO is particularly appropriate where, as here, the parties compete in the same test preparation marketplace. | | |
| c. |  | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be | | |

| | | designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)* <br><br> N/A |
|---|---|---|
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)* <br><br> N/A |

## 2. DISCOVERY PLAN

| | | | | |
|---|---|---|---|---|
| a. | | <u>Discovery Plan</u>: The parties agree to the following discovery plan. <br> • If the parties disagree, clearly indicate the disagreement in the space below: <br><br> *The parties held a planning meeting on December 27, 2024. Plaintiff and Defendant disagreed regarding the timeline for discovery and discovery limitations. Plaintiff suggested a six-month deadline to complete fact discovery, while Defendant sought additional time and sought to continue to the scheduling conference. The Court adopted Plaintiff's proposed schedule in its February 11, 2025 Order. ECF No. 25. Plaintiff subsequently raised a discovery dispute based on Defendant's failure to respond to its requests for discovery and a deposition. Plaintiff now submits this amended proposed scheduling order pursuant to the Court's October 27, 2025 Order granting Plaintiff's discovery motion. ECF No. 44.* | Yes ☐ | No ☒ |

| b. | | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>Defendant's use of ACT's questions and answers.<br>Defendant's use of ACT's marks.<br>Defendant's business model.<br>Any revenue earned by Defendant from its use of ACT's proprietary materials.<br>Communications between Defendant and ACT. |
|---|---|---|
| c. | | Discovery Phases:<br>&bull; Will discovery be conducted in phases? If so, please explain.<br><br>Discovery will not be conducted in phases.<br><br>&bull; Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.<br><br>N/A |
| d. | | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information)<br><br>The parties intend to share Electronically Stored Information through a fileshare program and/or through email delivery. Files will be produced and shared as load files or in Native or PDF format. |

3. **FACT DISCOVERY**

| a. | | Fact Discovery Limitations— | |
|---|---|---|---|
| | 1. | Maximum number of depositions by Plaintiff: | *3* |
| | 2. | Maximum number of depositions by Defendant: | *3* |
| | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | *7* |
| | 4. | Maximum interrogatories by any party to any party: | *25* |
| | 5. | Maximum requests for admissions by any party to any party: | *25* |
| | 6. | Maximum requests for production by any party to any party: | *25* |
| | | | |
| b. | | Other Fact Discovery Deadlines— | |

|  | 1. | Deadline to serve written discovery: | 4/24/2026 |
|---|---|---|---|
|  | 2. | Deadline for fact discovery to close: | 5/26/2026 |
|  | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | 5/26/2026 |

## 4. AMENDING OF PLEADINGS AND JOINING OF PARTIES[1]

| a. | Deadline to file a motion to amend pleadings— | | |
|---|---|---|---|
|  | 1. | Plaintiff: | 02/28/25 |
|  | 2. | Defendant: | 02/28/25 |
|  |  |  |  |
| b. | Deadline to file a motion to join additional parties— | | |
|  | 1. | Plaintiff: | 02/28/25 |
|  | 2. | Defendant: | 02/28/25 |

## 5. EXPERT DISCOVERY

| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
|---|---|---|---|
|  | 1. | Parties bearing the burden of proof: | 5/26/2026 |
|  | 2. | Parties not bearing the burden of proof: | 6/15/2026 |
|  |  |  |  |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
|  | 1. | Parties bearing the burden of proof: | 6/15/2026 |
|  | 2. | Parties not bearing the burden of proof: | 7/13/2026 |
|  | 3. | Rebuttal reports, if any: | 8/3/2026 |
|  |  |  |  |
| c. | Deadline for expert discovery to close: | | 8/17/2026 |

## 7. OTHER DEADLINES AND TRIAL-RELATED INFORMATION[2]

| a. | Deadline for filing dispositive or potentially dispositive motions: (*including a motion to exclude experts when expert testimony is required to resolve the motion*) |  | 9/1/2026 |
|---|---|---|---|
| b. | Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motion are filed: |  | *00/00/00* |

   **SO ORDERED** this _____ day of _____, 2025.

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[2] The court will enter the date in Section 7.b.

BY THE COURT:

_____
Cecilia M. Romero
U.S. Magistrate Judge